This is a motion to dismiss the bill on the ground that the (289) complainant has not prosecuted his claim within seven years, in analogy to the statute of limitations which bars an entry after that period. Whether that rule is applicable to this case must be ascertained by a careful examination of the charges contained in *Page 156 
the bill which, for the purposes of this motion, must be considered as true. [Here he stated the material parts of the bill.]
These facts present two inquiries: 1. What is the character of the original transaction? 2. Has it undergone any change?
1. By the terms of the contract, made before any writings were drawn, Jones agreed to give Person a deed of trust for a tract of land worth $2,000, to secure the repayment of the money borrowed, which was less than $400. Afterwards when the deed was executed, Person undertook to sell the land, if the money should not be repaid upon demand. His frequent promises to Jones that he would give more for the land than any other person diverted the latter from an advantageous sale, several of which were proposed to him, and particularly one by Andrew, Wade. From the inadequacy of the price a strong inference arises that the sale was not absolute. The repeated promises of Person to make Jones a title for 300 acres of land in Granville if he would surrender the possession and confirm the title could proceed only from a consciousness that Jones had a valid equity; and in addition to this the various endeavors made by Person to procure an acknowledgment of the absolute deed without the trust, and the singular pretext for not effecting a sale, that the debt had so increased by its frequent conversion into proc and then into Virginia currency, that no one would buy with that incumbrance, produce altogether an irresistible conviction that Person was a trustee by his own express assent, and consequently not protected by the lapse of time. 17 Vesey, 97. A court of equity constantly recognizes the settled distinction between actual
(290) trusts and trusts by implication; the latter must be pursued within a reasonable time; but in the former, as between trustee
and cestui que trust, length of time has no effect; that is very different from the case of a constructive trust, which this Court allows a man to establish by facts and circumstances at any period after it happens. And even where length of time would render it difficult to ascertain the fact, as well as where the fact is easily ascertained, and relief would have been originally given on the ground of a constructive trust, it is refused after long acquiescence; and this from the danger that would otherwise arise to the security of property. "If a trustee is in possession and does not execute his trust, the possession of the trustee is the possession of the cestui que trust; and if the only circumstances is that he does not perform his trust, his possession operates nothing as a bar because his possession is according to his title; just as in the case of a lessee for years, though he does not pay his rent for 50 years, his possession is no bar to an ejectment after the expiration of this term, *Page 157 
because his possession is according to the right of the party against whom he seeks to set it up." 2 Schoale Lefroy, 633.
2. Taking it then for granted that Person was, in the inception of this transaction, a trustee by express contract for Jones, has anything occurred to exempt him from the responsibilities of that character? His having committed the absolute deed to registration without the trust or defeasance (I confine myself strictly to the bill) was a fraud too gross and palpable to meet with a construction in the least degree favorable in this Court. There are many cases where a person who is not a trustee originally shall be constituted such by a decree of a court of equity founded on the fraud, and in such cases length of time will bar from the discovery of the fraud. But it would be an absurdity that a fraud superadded to a trust should extinguish or merge it; that men should be encouraged to commit crimes as the certain means of eluding their contracts. Nor can (291) this pretense be reconciled with the doctrine of equity that if a mortgagee, executor, trustee, tenant for life, etc., who have a limited interest, gets an advantage by being in possession, "or behind the back" of the party interested in the subject, or by some contrivance or fraud, he shall not retain the same for his own benefit, but hold it in trust; that a trustee shall gain no benefit by any act done by him as trustee, but that such benefit shall accrue to his cestui que trust; nor shall he purchase part or the whole of the estate of which he is trustee. 1 Ball Beatty, 46, 47; 2 Ball Beatty, 290, 298; 1 Brown, 198; 1 Ch. Cas., 191; 5 Ves., 707.
All these cases proceed on a rule of general policy, to presume the possibility of fraud and abuse since trustees, from their situation and the knowledge it enables them to acquire, may be induced to take advantage of their cestuis que trustent. It might be sufficient to test this by the principles of natural justice and the instinctive suggestions of every man's moral sense, even if there were no decided cases, for every honest mind would revolt at the bare statement of the transaction as set forth in this bill. Jones left the possession in the confidence of Person's promise to make him a title to 300 acres of land in Granville County, and Person obtained the possession by means of that promise. This I take to be the fair construction of the bill, though it is not so stated in precise terms. Now, if Person had complied with his promise, the trust would have been executed, and Person's possession be thence-forward adverse to Jones's; but while it remained unexecuted, Person was still the trustee to Jones under the first agreement. Until he made a deed for the Granville land he was still bound to sell Jones, under the original agreement, and the possession he acquired must enure to *Page 158 
the benefit of Jones. The possession comes from the same root with (292) the title and is bound by the same equity, otherwise the nature of the contract might be changed, and the rights of the complainant be destroyed by a trick of the adverse party. If a trustee holds a lease for the benefit of cestui que trust and avails himself of his situation to obtain a new lease, he shall hold it for the benefit of cestui que trust. 1 Douglas, 269. So if a guardian takes a renewed lease for lives, the trust follows the actual interest of the infant, and goes to his heir or executor, as the case may be. 18 Ves., 274; 2 Johns., Ch. Ca., 33.
Under this view of the case, founded on the facts stated in the bill, I am of opinion that Person continued to be a trustee for Jones, under the original agreement, as long as he held the land, and that he is liable as such, notwithstanding the lapse of time.